Jeffrey P. Weingart
Kevin Fritz
MEISTER SEELIG & FEIN LLP
140 East 45th Street, 19th Floor
New York, New York  10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535
jpw@msf-law.com
kaf@msf-law.com

*Attorneys for*
*Defendant Hello Entertainment, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIE TAYMOR AND LOH, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> 8 LEGGED PRODUCTIONS, LLC; HELLO ENTERTAINMENT, LLC; GOODBYE ENTERTAINMENT, LLC; SAVIOR PRODUCTIONS, LLC; MICHAEL COHL; JEREMIAH HARRIS; AND GLEN BERGER, <br><br> Defendants. | Case No.  11 Civ. 8002 (KBF) <br><br> ECF Case <br><br> **HELLO ENTERTAINMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTS AND PROCEDURAL HISTORY ............................................................................... 2

ARGUMENT ............................................................................................................................. 6

A.    Standard of Review ........................................................................................................ 6

B.    The Court Can Consider Extrinsic Materials Without Converting a
      Motion for Dismissal Into a Motion for Summary Judgment ........................................ 6

C.    The First and Second Claims Should be Dismissed Because
      Hello Entertainment Did Not Participate in Changes to the Original Book ................... 7

      1. Allegations of Direct Copyright Infringement .......................................................... 7

      2. Allegations of Contributory Copyright Infringement ............................................... 10

      3. Allegations of Vicarious Copyright Infringement .................................................... 11

D.    As the Complaint Admits, Hello Entertainment Assigned All of Its Rights
      and Obligations Related to the Musical to Co-Defendant 8 Legged ............................. 12

      1. Previously Valid Obligations .................................................................................... 14

      2. Agreement to Extinguish the 2005 Deal Memoranda as to Hello Entertainment ...... 14

      3. An Agreement of the Parties to a New Obligation .................................................... 16

      4. A Valid New Contract ............................................................................................... 16

E.    The Fourth Claim Against Hello Entertainment Fails as a Matter of Law .................... 17

CONCLUSION ........................................................................................................................ 18

# TABLE OF AUTHORITIES

## Cases Cited

Arista Records, LLC v. Doe 3,
604 F.3d 110 (2d Cir. 2010)...................................................................................10

Ashcroft v. Iqbal,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)...........................................6, 11

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)..............................................6

Burdick v. Koerner,
988 F.Supp. 1206 (E.D. Wisc. 1998)...........................................................................12

Canal+ Image UK Ltd. v. Lutvak,
773 F. Supp. 2d 419, 427 (S.D.N.Y. 2011)...............................................................6-7

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002)........................................................................................6

Eaves v. Designs for Finance, Inc.,
785 F.Supp.2d 229, 244-45 (S.D.N.Y. 2011) .............................................................7

Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,
545 U.S. 913 (2005).............................................................................................10, 11

Rothman v. Gregor,
220 F.3d 81, 88–89 (2d Cir. 2000)..............................................................................7

Schloss Bros. & Co. v. Bennett,
260 N.Y.2d 243, 183 N.E. 376 (1932)........................................................................15

Softel, Inc. v. Drago Medical & Scientific Comms., Inc.,
118 F.3d 955 (S.D.N.Y. 1996).....................................................................................12

Sudul v. Computer Outsourcing Serv., Inc.,
917 F. Supp. 1033 (S.D.N.Y. 1996)............................................................................14

VJK Prod., Inc. v. Friedman/Meyer Prod., Inc.,
565 F. Supp. 916, 921 (S.D.N.Y. 1983)......................................................................15

Walker v. Department of Correction Serv.,
11 Civ. 993, 2012 WL 527210, at *1 (S.D.N.Y. Feb. 14, 2012) ....................................................6

WB Music Corp. v. Once and For All, Inc.,
2008 WL 2381732, at *4 (D. Utah 2008)(officer)........................................................................12

Yukos Oil Co. Sec. Litig.,
04 Civ. 5243, 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006) ..............................................6

## **Statutes Cited**

FRCP 12(b)(6) .............................................................................................................................1, 6

Defendant Hello Entertainment, LLC ("Hello Entertainment") respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), to dismiss the Amended Complaint as against it.[1]

## PRELIMINARY STATEMENT

In an attempt to cast a wide net, Julie Taymor ("Taymor") and LOH, Inc. ("LOH" and together with Taymor, collectively, "Plaintiffs") assert several claims in the instant litigation against Hello Entertainment, the former lead producer of the hit musical *Spider-Man: Turn Off the Dark* (the "*Spider-Man* Musical" or the "Musical"). Plaintiffs allege that Hello Entertainment has infringed Taymor's copyright as a result of the writing and performance of a new script or "book" (the "New Book") for the Musical, as well as breached Taymor's contractual rights in connection with her role as a co-bookwriter of the Musical. Plaintiffs have also included Hello Entertainment in their claim for a declaration that the Musical cannot be brought to non-Broadway venues without Taymor's written consent. Plaintiffs' claims against Hello Entertainment cannot succeed as a matter of law, however, because prior to the allegedly infringing conduct, and before any alleged breach of contract, Hello Entertainment assigned all of its rights and obligations relating to the *Spider-Man* Musical to the current lead producer of the Musical, co-defendant 8 Legged Productions, LLC ("8 Legged"), and ceased its involvement in the day-to-day activities of the Musical. In fact, in their original Complaint, Plaintiffs admit that, "by written agreement between Hello and [co-defendant Goodbye Entertainment, LLC] and its operating agreement, 8 Legged assumed all rights and obligations relating to *Spider-Man*."[2] (Compl. ¶ 6) (emphasis added). After Hello Entertainment moved to dismiss the Complaint

---

[1]     A copy of the Amended Complaint ("Am. Compl.") is attached as Exhibit E to the accompanying Declaration of Jeffrey P. Weingart ("Weingart Decl.").

[2]     A copy of the Complaint ("Compl.") is attached as Exhibit A to the Weingart Decl.

based upon, among other things, that allegation, Plaintiffs modified that allegation in the Amended Complaint so as to remove the word "all." (Am. Compl. ¶ 6). However, the documentary evidence shows that, in fact, 8 Legged assumed all of Hello Entertainment's rights and obligations relating to the Musical.

Additionally, in an attempt to lump in Hello Entertainment with the defendants that actually control the Musical, the Amended Complaint makes vague allegations, upon information and belief, concerning Hello Entertainment's continued "participation" in the Musical. (Am. Compl. ¶¶ 7, 65 – 66, 89 – 91, 146). Those conclusory allegations are not entitled to a presumption of truth, especially given that they are contradicted by documentary evidence, including Taymor's own written agreement that 8 Legged began standing in for Hello Entertainment as of August 2010 – months before any of the infringements or breaches of contracts in question are alleged to have occurred.

Moreover, as Hello Entertainment assigned all of its rights regarding the Musical to 8 Legged, Hello Entertainment has no contractual or legal right to produce or license the Musical in a non-Broadway venue or otherwise.

Thus, to the extent that Plaintiffs have asserted claims for copyright infringement, breach of contract, and declaratory relief, such claims cannot succeed with respect to Hello Entertainment. Therefore, Plaintiffs' Claims One through Four fail as a matter of law as against Hello Entertainment and should be dismissed.

## FACTS AND PROCEDURAL HISTORY[3]

In 2004, Marvel Entertainment, LLC and Marvel Entertainment, Inc. (collectively, "Marvel") licensed the right to produce the *Spider-Man* Musical to Hello Entertainment (Am.

---

[3]    The following facts are based upon the allegations in the Complaint, the Amended Complaint and/or the documents referred to in the Amended Complaint.

Compl. ¶ 18).  In late 2004, Hello Entertainment formed the entity Spider-Man Broadway Limited Liability Company (the "Original Production Company") for the purpose of exploiting its rights under the license agreement with Marvel. (Weingart Decl., Exh. B ["Amended JV Agreement"], Whereas clause B).  Hello Entertainment then assigned its rights under the license agreement to the Original Production Company, and served as the sole manager thereof. (Id.).

In 2004, the producers asked Taymor, and she agreed, to direct and collaborate on the Musical. (Am. Compl. ¶ 20).  According to the Amended Complaint, Taymor then authored a two and a half page treatment for the Musical titled "Spiderman/Caught" (the "Treatment"), which was later registered with the United States Copyright Office. (Am. Compl. ¶¶ 21, 39).

The Amended Complaint alleges that on July 12, 2005, LOH and Hello Entertainment entered into a "deal memorandum" (the "July 12, 2005 Deal Memorandum") concerning Taymor's services as director and collaborator on the Musical and pursuant to which Hello Entertainment agreed to pay Taymor a director and collaborator royalty. (Am. Compl. ¶ 48; Am. Compl. Exh. D).  On August 4, 2005, LOH and Hello Entertainment entered into a "deal memorandum" (the "Author Deal Memo") concerning LOH's services as co-bookwriter of the Musical and pursuant to which Hello Entertainment agreed to pay Taymor a co-bookwriter royalty, according to the Complaint. (Am. Compl. ¶¶ 45, 47; Am. Compl. Exh. C).  The Amended Complaint also alleges that Taymor was an intended third-party beneficiary of a "deal memorandum" dated June 22, 2005 between Hello Entertainment and co-defendant Glen Berger (the "Burger Deal Memo" and collectively with the July 12, 2005 Deal Memorandum and the Author Deal Memo, the "2005 deal memoranda"). (Am. Compl. ¶¶ 42 – 43; Am. Compl. Exh. B).  The Amended Complaint alleges that the 2005 deal memoranda were amended in a signed

writing (the "2010 Amendment"). (Am. Compl. ¶ 64; Am. Compl. Exh. E).  Hello

Entertainment, however, is not a party to the 2010 Amendment.

The Amended Complaint alleges that in or around 2009, Hello Entertainment "faced

financing difficulties that threatened the Musical's survival." (Am. Comp. ¶ 60).  In or about

November 2009, defendants Jeremiah Harris and Michael Cohl formed defendant Goodbye

Entertainment, LLC ("Goodbye Entertainment") for the purpose of entering into a joint venture

with Hello Entertainment (the "Joint Venture") and assisting with the completion of the Musical.

(Amended JV Agreement, Whereas clause J).  Pursuant to a joint venture agreement between

Hello Entertainment and Goodbye Entertainment, Goodbye Entertainment became a manager of

the Original Production Company, the lead producer, and was solely authorized to run the day-

to-day operations of the Original Production Company. (Amended JV Agreement, Whereas

clause K; Am. Compl. ¶¶ 10, 62).

As part of a restructuring to raise funds for the completion of the Musical, and as

contemplated by the Amended JV Agreement by and between Hello Entertainment and Goodbye

Entertainment, the Original Production Company was re-named Heroic Productions, LLC

("Heroic Productions") and a new production company, 8 Legged, was formed in July 2010.

(Amended JV Agreement, Whereas clause R; Am. Compl ¶¶ 6, 8).  Hello Entertainment and

Goodbye Entertainment became managers of 8 Legged, with Goodbye Entertainment solely

responsible for the day-to-day management of the Musical. (Id.; Am. Compl. ¶¶ 7 – 8).

Moreover, as the Complaint states, in August 2010, "by written agreement between Hello and

Goodbye Entertainment and its operating agreement, 8 Legged assumed all rights and

obligations relating to Spider-Man." (Compl. ¶ 6)(underline added).  In the Amended Complaint,

Plaintiffs omit the word "all" from this paragraph, but this is only a transparent attempt to avoid

the ramifications of their own admission in the Complaint that 8 Legged assumed all rights and obligations related to *Spider-Man*. (Am. Compl. ¶ 6).

Thus, with 8 Legged in place as the show's lead producer, the Musical had its first public preview performance on November 18, 2010. (Am. Compl. ¶ 69).  In March 2011, Taymor was "removed from the production" of the Musical. (Am. Compl. ¶ 76).  According to the Amended Complaint, the Musical was shut down in April 2011 "to facilitate the book rewrites and restaging," which resulted in a new book being written for the Musical (the "New Book"). (Am. Compl. ¶ 79).  In May 2011, the Musical re-opened using the New Book. (Am. Compl. ¶ 80).

On November 8, 2011, Plaintiffs filed the Complaint.  On March 21, 2012, Hello Entertainment filed a motion to dismiss the Complaint as against it.  Plaintiffs filed the Amended Complaint on July 9, 2012.  The First Claim alleges that Hello Entertainment and other defendants infringed Taymor's copyright in the "Original Book", which the Amended Complaint alleges had been co-authored by Taymor and defendant Glen Berger based upon the Treatment, by creating and performing the New Book. (Am. Compl. ¶¶ 50; 75; 137 – 153).  The Second Claim alleges that Hello Entertainment and other defendants infringed Taymor's copyright in the Treatment. (Am. Compl. ¶¶ 154 – 166).  The Third Claim alleges that Hello Entertainment and 8 Legged breached the 2005 deal memoranda and the 2010 Amendment by failing to pay Plaintiffs royalties and by failing to obtain Taymor's approval of changes to the Original Book. (Am. Compl. ¶¶ 167 – 175).  The Fourth Claim seeks a declaratory judgment that the production of the Musical in a venue other than on Broadway without Taymor's consent would constitute a breach by Hello Entertainment and 8 Legged of a "2005 deal memorandum." (Am. Compl. ¶¶ 176 – 183).  Also, the Fourth Claim seeks a permanent injunction barring any such production or

license. (Am. Compl. ¶ 183).  The Fifth and Six Claims are not asserted as against Hello

Entertainment. (Am. Compl. ¶¶ 184 – 196).

## ARGUMENT

**A.**    **Standard of Review**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege 'enough facts to

state a claim to relief that is plausible on its face.'" Walker v. Department of Correction Serv., 11

Civ. 993, 2012 WL 527210, at *1 (S.D.N.Y. Feb. 14, 2012)(Forrest, J.)(quoting Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and granting motion to

dismiss, in part).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "In

applying that standard, the court accepts as true all well-plead factual allegations and draws all

reasonable inferences in plaintiff's favor...." Walker, 2012 WL 527210, at *1.  However, the

Court "need not accept as true any allegations that are contradicted by documents deemed to be

part of the complaint, or materials amenable to judicial notice." In re Yukos Oil Co. Sec. Litig.,

04 Civ. 5243, 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006).

**B.**    **The Court Can Consider Extrinsic Materials**
      **Without Converting a Motion for Dismissal Into a Motion for Summary Judgment**

The Court may consider documents referred to in a complaint or incorporated reference

in ruling on a 12(b)(6) motion. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-3 (2d Cir.

2002).  Where "a plaintiff chooses not to attach to the complaint or incorporate by reference a

document upon which it solely relies and which is integral to the complaint, the court may

nevertheless take the document into consideration in deciding the defendant's motion to dismiss,

without converting the proceeding to one for summary judgment." Canal+ Image UK Ltd. v.

6

Lutvak, 773 F. Supp. 2d 419, 427 (S.D.N.Y. 2011); see also Rothman v. Gregor, 220 F.3d 81,

88–89 (2d Cir. 2000)(finding that a complaint includes "documents that the plaintiffs either

possessed or knew about and upon which they relied in bringing the suit").

Significantly, the Court can also take judicial notice of Plaintiffs' admissions in the

original Complaint. See Eaves v. Designs for Finance, Inc., 785 F.Supp.2d 229, 244-45

(S.D.N.Y. 2011)(in considering motion to dismiss second amended complaint, court took judicial

notice of original complaint and the first amended complaint, which were matters of public

record).   A comparison of the Amended Complaint with the original Complaint reveals that

Plaintiffs have merely added a number of conclusory allegations concerning Hello

Entertainment's purported "participation" in the alleged improper conduct, namely paragraphs 7,

65 – 66, 89 – 91, and 146 of the Amended Complaint.  Rather than defeat Hello Entertainment's

motion, the changes to the Complaint only confirm what Hello Entertainment has stated all along

– that Plaintiffs cannot adequately articulate any viable claim against Hello Entertainment

sufficient to defeat a motion to dismiss.

**C.    The First and Second Claims Should Be Dismissed
        Because Hello Entertainment Did Not Participate
        in Changes to the Original Book**

        1.    Allegations of Direct Copyright Infringement

To the extent that the First and Second Claims assert direct copyright infringement claims

as against Hello Entertainment, those claims fail as a matter of law because all of the purportedly

infringing conduct that Plaintiffs allege in the Amended Complaint admittedly occurred *after*

Hello Entertainment ceded operational control of the Musical.

Plaintiffs assert two claims for copyright infringement based on allegedly infringing

conduct that Plaintiffs assert began "in or around December 2010… ." (Am. Compl. ¶ 71).  The

Amended Complaint, however, plainly states that Hello Entertainment "was Spider-Man's original lead production company before 8 Legged took over that role" in or around 2009. (Am. Compl. ¶¶ 7, 60 – 61). Plaintiffs also allege that Goodbye was formed in 2009 "to facilitate the carrying out of Cohl's and Harris's new responsibilities as lead producers of Spider-Man" and that Goodbye Entertainment was "responsible for the day-to-day operations of 8 Legged." (Am. Compl. ¶ 8). Moreover, the Amended Complaint also admits that Messrs. Cohl and Harris "have acted as lead producers since 2009," when Hello Entertainment "encountered financial difficulties and ceded certain lead production responsibilities for the Musical to Cohl and Harris." (Am. Compl. ¶ 10) (emphasis added). In fact, Plaintiffs also admit that, "by written agreement between Hello and [co-defendant Goodbye Entertainment, LLC] and its operating agreement, 8 Legged assumed rights and obligations relating to *Spider-Man*." (Am. Compl. ¶ 6) (emphasis added).

The reference to "certain lead production responsibilities" in Paragraph 10 of the Amended Complaint is Plaintiffs' attempt to distance themselves from their admission in the Complaint that Hello Entertainment "ceded control" of the Musical to Cohl and Harris. (Compl. ¶ 10). As part of that attempt, even though in the Complaint, Plaintiffs admitted that 8 Legged assumed "all" rights and obligations relating to Spider-Man. (Compl. ¶ 6), it removed the word "all" from this sentence in the Amended Complaint.

The documentary evidence demonstrates that, at the time that the allegedly infringing conduct first occurred in December 2010, Hello Entertainment no longer had any role in the day-to-day operations of the Musical and 8 Legged had assumed all of Hello Entertainment's rights and obligations with respect to the Musical. Thus, Hello Entertainment was not and could not

have been involved in, or in any way responsible for, the infringing conduct alleged in the Amended Complaint.

The August 2010 Amended JV Agreement, which is referred to in paragraph 6 of the Amended Complaint provides:

> A new limited liability company was formed on July 16, 2010 called 8 Legged Productions, LLC (the "8 Legged Productions"). The managers of the New Production Company will be Hello Entertainment and Goodbye Entertainment, subject to the terms of the Joint Venture; however as provided in the Joint Venture, *Goodbye Entertainment will be solely responsible for the day-to-day management of the Musical.*

(Amended JV Agreement, Whereas clause R.1) (emphasis added). Additionally, Paragraph 5(A) of the Amended JV Agreement states: "The decisions regarding the day-to-day operations of the Musical and non-major decisions shall be made by Goodbye Entertainment." (Amended JV Agreement, ¶ 5(A)). Paragraph 6 of the Amended Complaint also refers to 8 Legged's "operating agreement", which states, *inter alia*:

> The Managers will assign to the Company all rights and obligations which either may have duly acquired by assignment or which have been granted to it under agreements entered into with respect to the Musical, including but not limited to … the Author's Agreement … and the Company will assume all of the Manager's obligations thereunder and under any other agreements which have been or may be entered into, covering the rights necessary to produce and present the Musical and securing the services of such creative, professional and technical personnel as may be required.[4]

(Weingart Decl., Exh. C ["8 Legged Operating Agreement"], § 5.6; Am. Compl. ¶ 6).

The allegation in Paragraph 6 of the Amended Complaint that "8 Legged assumed rights and obligations relating to *Spider-Man*" further implicitly relies on a Contribution and Exchange Agreement between Heroic Productions, Hello Entertainment, and 8 Legged dated as of August

---

[4] The Operating Agreement defines "Managers" as Hello Entertainment and Goodbye Entertainment. "Author's Agreement" is defined to include the agreements that the Managers previously entered into with, among others, Taymor and that were "subsequently assigned to the Company… ." (8 Legged Operating Agreement, §§ 1.1.6, 1.1.31).

20, 2010. (Weingart Decl., Exh. D ["Contribution Agreement"]; Am. Compl. ¶ 6). The Contribution Agreement provides that Hello Entertainment transfers and assigns to 8 Legged, and 8 Legged accepts from Hello Entertainment, all of Hello Entertainment's right, title and interest in Hello Entertainment's assets related to the Musical, including: (a) "[a]ll contracts of Hello in connection with the operation of the Musical…, including, without limitation all the agreements or deal memoranda with directors, writers… and other creative persons…" and (b) all intellectual property used in connection with the Musical. (Contribution Agreement, § 2.1(a)-(b)). In addition, the Contribution Agreement provides that 8 Legged "shall assume and pay … all Liabilities other than the Excluded Liabilities under the Musical Contracts," which contracts include, without limitation, the applicable 2005 deal memoranda referred to in the Complaint. (Id. § 2.3(a)).

> 2.   Allegations of Contributory Copyright Infringement

One infringes contributorily by intentionally inducing or encouraging direct infringement. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). The resolution of the contributory infringement issue "depends upon a determination of the function that the alleged infringer plays in the total reproduction process." Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010).

In an effort to further "beef up" the Complaint's insufficient allegations, the Amended Complaint alleges that Hello Entertainment "participated" in the alleged decisions related to the Musical. For example, the Amended Complaint alleges, upon information and belief, that Hello Entertainment "has participated and continues to participate in decisions related to the production of the Musical, including the producers' decisions to engage in the conduct that is the basis of this lawsuit." (Am. Compl. ¶ 7). Similarly, the Amended Complaint alleges that "As a producer

of the Musical, a Manager of 8 Legged, and a voting board member of the Hello-Goodbye Joint

Venture, Hello also has the right and ability to supervise Defendants' infringing activities." (Am.

Comp. ¶ 91). Those vague allegations are not entitled to a presumption of truth. <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662, (2009).

Plaintiffs' vague allegations are also undermined by the Amended Complaint's specific

identification of those parties who Plaintiffs claim engaged in the allegedly infringing conduct.

For instance, the Amended Complaint alleges that "Berger, Cohl, Harris, and others discussed

and worked on certain other revisions to the [Original Book] without Taymor's knowledge" and

that "Berger, Cohl, and Harris intentionally concealed from Taymor their communications

among each other and with Bono, Edge, and others as they prepared to make their own changes

to the [Original Book] without Taymor's knowledge or consent." (Am. Compl. ¶ 71). According

to paragraph 73 of the Amended Complaint, Taymor was told at a February 26, 2011 meeting

about certain proposed changes to the Original Book "on which Berger, Cohl, and Harris had

been working without Taymor's knowledge or approval." (Compl. ¶ 73). There is no mention of

Hello Entertainment.

     3.   <u>Allegations of Vicarious Copyright Infringement</u>

The Amended Complaint relies upon Hello Entertainment's position as a board member

of the Joint Venture as a purported basis for liability. (Am. Compl. ¶¶ 89 – 91). To the extent

that such allegations serve as the basis to hold Hello Entertainment vicariously liable for other

defendants' alleged copyright infringement, the claim fails as a matter of law. One is vicariously

liable if they profit directly from the infringement <u>*and*</u> decline to exercise a <u>*right*</u> to stop or limit

it. <u>Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.</u>, 545 U.S. 913, 930 (2005). Thus,

simply having "input" is insufficient. The Amended JV Agreement states that non-major

decisions shall be made by Goodbye Entertainment. (Amended JV Agreement, ¶ 5(A)).  Even

assuming that changes to the Old Book constitute a "major decision," Hello Entertainment

lacked the *right* to stop or limit any infringing activity.  All major decisions were made by "a

majority vote of the six-person board, consisting of Bono, the Edge, Julie Taymor, Cohl, Harris,

and Hello."  (Id.).[5]  Thus, Hello Entertainment merely had one vote out of six, well short of a

majority.[6]  Courts have held that board membership, in of itself, is an insufficient basis on which

to hold a party vicariously liable for infringement. Burdick v. Koerner, 988 F.Supp. 1206, 1210

(E.D. Wisc. 1998); Softel, Inc. v. Drago Medical & Scientific Comms., Inc., 118 F.3d 955, 971

(S.D.N.Y. 1996)(president and shareholder); WB Music Corp. v. Once and For All, Inc., 2008

WL 2381732, at *4 (D. Utah 2008)(officer).  To hold otherwise would mean that any person who

or entity which happened to be on a board of directors could be held liable for any and all alleged

intellectual property violations of a corporate entity – an outcome that would undermine the

whole concept of appropriate protections for parents, affiliates and directors under properly

applied corporate veil limitations.

 For these reasons, the First and Second Claims should be dismissed as to Hello

Entertainment.

**D.** **As the Complaint Admits, Hello Entertainment Assigned**
  **All of Its Rights and Obligations Related to the Musical to Co-Defendant 8 Legged**

 The Third Claim alleges that Hello Entertainment and 8 Legged breached the 2005 deal

memoranda and the 2010 Amendment thereof by "(a) failing to pay royalties owed to Taymor

and LOH" and by "(b) failing to obtain Taymor's approval prior to making changes to the

---

[5] Using Plaintiffs' logic, Taymor must have contributed to the alleged infringement because she, too, possessed voting power.

[6] Even assuming the truth of the allegations in paragraph 91 of the Amended Complaint that two board members resigned, thereby reducing the number of board members to four, (Am. Comp. ¶ 91), Hello Entertainment's lone vote was still insufficient to constitute a majority.

Original Book." (Am. Compl. ¶¶ 167 – 175). However, as detailed above, the Complaint

concedes, and the documentary evidence shows, that in August 2010, prior to the time that any

such royalties became due to Taymor or LOH, and prior to the time that the New Book was

written, 8 Legged assumed all of Hello Entertainment's obligations relating to the Musical.

(Compl. ¶ 6; Amended JV Agreement; Contribution Agreement).

Moreover, Plaintiffs' breach of contract claim is further undermined by the fact that Hello

Entertainment is not even a party to the 2010 Amendment. (Am. Compl., Exh. E). In fact, the

2010 Amendment states that it was signed by 8 Legged "as successor in interest to Hello

Entertainment … ." (Id.).

Furthermore, the 2010 Amendment specifically states that the "Agreements (*to the extent

they have been executed by the parties hereto*) shall remain in full force and effect."[7]

(Id.)(emphasis added). Because Hello Entertainment did not execute the 2010 Amendment, the

2005 deal memoranda – i.e.,, the Burger Deal Memo, the July 12, 2005 Deal Memorandum, and

the Author Deal Memo -- did not remain in full force or effect as against Hello Entertainment.

More importantly, Taymor *is* a party to, and signed, the 2010 Amendment and therefore agreed

to its terms and to the fact that the 2005 deal memoranda would no longer apply to, or be binding

on, Hello Entertainment, as expressly contemplated by the terms of both the Amended JV

Agreement and the Contribution Agreement.

Thus, Hello Entertainment as a matter of law has no obligations to Plaintiffs under the

2005 deal memoranda or the 2010 Amendment, and the Third Claim should therefore be

dismissed as to Hello Entertainment.

---

[7] "Agreements" is defined to include the 2005 deal memoranda.

When Hello Entertainment raised these arguments in its motion to dismiss the Complaint, Plaintiffs' response was to try to heighten Hello Entertainment's burden by arguing that a novation was needed to relieve Hello Entertainment of its contractual obligations.   Even assuming, *arguendo*, that is true, the 2010 Amendment, which was duly executed by Plaintiffs, operated to relieve Hello of any obligations it may have had to Plaintiffs under the 2005 deal memoranda.  The elements of a novation are as follows: (1) a previously valid obligation; (2) an agreement of all parties to the extinguishment of the old contract; (3) an agreement of the parties to a new obligation; (4) and a valid new contract. Sudul v. Computer Outsourcing Serv., Inc., 917 F. Supp. 1033, 1047 (S.D.N.Y. 1996).[8]

    1.    <u>Previously Valid Obligations</u>

Here, it is undisputed that the 2005 deal memoranda are previously valid obligations.

    2.    <u>Agreement to Extinguish the 2005 Deal Memoranda as to Hello Entertainment</u>

The Amended Complaint alleges that the 2010 Amendment "was not intended to – and did not – release Hello from its obligations under the 2005 Author Deal Memo or the Berger Deal Memo." (Am. Compl. ¶ 65).  Plaintiffs then allege that "Taymor has never agreed to release Hello from its contractual obligations to her." (<u>Id.</u>).  However, the agreement to extinguish the 2005 deal memoranda as to Hello Entertainment is evidenced by the terms of the 2010 Amendment and the Amended Complaint's allegations.  The 2010 Amendment (i) defines "Hello" as "8 Legged Productions, LLC, as successor in interest to Hello Entertainment, LLC" (2010 Amendment at 1); (ii) acknowledges that 8 Legged signed the 2010 Amendment "as successor in interest to Hello Entertainment...." (Am. Compl., Exh. E, Sig. Page; and (iii) ***was*** executed and agreed to in all respects by Plaintiffs, without insisting that Hello Entertainment

---

[8] Although Plaintiffs refer to the fact that the 2010 Amendment is entitled "Amendment," (Pls.' Mem. at 23), that does not prevent it from constituting a novation. <u>See id.</u>

also sign and thereby agree to pay Plaintiffs a higher guaranteed minimum royalty, as they contend (Am. Compl. ¶ 64).

By signing the 2010 Amendment, Plaintiffs consented to having 8 Legged substituted in for Hello Entertainment in the Author Deal Memo and Berger Deal Memo as Hello's successor. Plaintiffs' own allegations in the Amended Complaint that 8 Legged, which was *not* a party to the Author Deal Memo or Berger Deal Memo, is liable for breaches of those agreements, is yet further evidence that Plaintiffs always intended to substitute 8 Legged in for Hello Entertainment as a party to the Author Deal Memo and Berger Deal Memo. (Am. Compl. ¶¶ 168-175). Otherwise, how could 8 Legged be held to the terms of Author Deal Memo and Berger Deal Memo when those agreements predated by approximately five years the formation of 8 Legged?

Moreover, the 2010 Amendment states that the "Agreements (to the extent they have been executed by the parties hereto) shall remain in full force and effect." (Am. Compl., Exh. E). "Agreements" is defined in the 2010 Amendment to include the 2005 deal memoranda, including the Author Deal Memo and the Berger Deal Memo. (Id.). Therefore, the "Agreements" would not remain in force or effect as to Hello Entertainment because, as noted above, Hello Entertainment did not execute the 2010 Amendment and consequently was not one of the "parties hereto".

Hello Entertainment's signature on the 2010 Amendment was not required in order to constitute a novation that would release Hello Entertainment of its prior contractual obligations. The express consent of the original obligor to the assumption of its obligation by a third party is not essential to a novation, as the consent may be implied. Schloss Bros. & Co. v. Bennett, 260 N.Y.2d 243, 183 N.E. 376 (1932); see also VJK Prod., Inc. v. Friedman/Meyer Prod., Inc., 565 F. Supp. 916, 921 (S.D.N.Y. 1983). Here, Hello Entertainment's consent to 8 Legged's

assumptions of its obligations to Plaintiffs is both express and implied. As admitted in the original Complaint states, in August 2010, "by written agreement between Hello and Goodbye Entertainment and its operating agreement, 8 Legged assumed <u>all</u> rights and <u>obligations</u> relating to *Spider-Man*." (Compl. ¶ 6)(underline added). Furthermore, 8 Legged's Operating Agreement states that 8 Legged assumes all of Hello Entertainment's obligations under Musical-related agreements, "including but not limited to ... the Author's Agreement...." (Weingart Decl., Exh. C, § 5.6). In any event, Hello Entertainment's intention – and 8 Legged's agreement, to extinguish the 2005 deal memoranda is also memorialized by 8 Legged's execution of the 2010 Amendment "as successor in interest to Hello Entertainment," a term to which Plaintiffs expressly agreed. (Am. Compl., Exh. E).

      3.     <u>An Agreement of the Parties to a New Obligation</u>

The Amended Complaint admits that the parties agreed to a new obligation. In paragraph 44, Plaintiffs allege that, on or about August 24, 2010, "Taymor, LOH, Berger, Bono, Edge, 8 Legged, and others entered into written agreements to reduce their royalty percentages under the 2005 deal memoranda...." (Am. Compl. ¶ 64). Because the 2010 Amendment expressly recites that 8 Legged was executing the 2010 Amendment as the "successor in interest" to Hello Entertainment, there was no need to have Hello Entertainment also sign, and the 2010 Amendment constitutes an agreement of the parties thereto to a new obligation – one that on its face excluded Hello Entertainment as a signatory.

      4.     <u>A Valid New Contract</u>

The Amended Complaint admits that the 2010 Amendment is a "valid and enforceable" contract. (Am. Compl. ¶ 168).

Thus, the 2010 Amendment constitutes a novation and that relieved Hello Entertainment as a matter of law of any and all obligations that it may have had to the Plaintiffs under the 2005 deal memoranda (including the Author Deal Memo and the Berger Deal Memo). As such, the Third Claim in the Amended Complaint should be dismissed in all respects as to Hello Entertainment.

### E.    The Fourth Claim Against Hello Entertainment Fails as a Matter of Law

The Fourth Claim seeks a declaratory judgment that the production (or "licensing of a production") of the Musical in a venue other than Broadway without Taymor's consent would breach the Author Deal Memo. (Am. Compl. ¶¶ 176 – 183). As set forth above, however, all of Hello Entertainment's rights regarding the Musical were assigned to 8 Legged. Thus, Hello Entertainment has no contractual or legal right to make decisions regarding the licensing of a production of the Musical in an off-Broadway venue, and there is consequently no "actual, present, and justiciable controversy" between Plaintiffs and Hello Entertainment concerning the Author Deal Memo. Accordingly, Plaintiffs have no legal basis for seeking declaratory relief against Hello Entertainment, and the Fourth Claim should therefore be dismissed as against it.

## CONCLUSION

For the reasons set forth above, Hello Entertainment respectfully requests that the Court

(i) dismiss the Amended Complaint in its entirety as to Hello Entertainment and (ii) award Hello

Entertainment such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 26, 2012

MEISTER SEELIG & FEIN LLP

By: Jeffrey P. Weingart
     Kevin Fritz
140 East 45th Street, 19th Floor
New York, New York  10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535
jpw@msf-law.com
kaf@msf-law.com

*Attorneys for Hello Entertainment, LLC*

5258-001 Doc# 234 v.3

18