# LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

33RD FLOOR
500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

August 15, 2012

**BY E-MAIL (ForrestNYSDChambers@nysd.uscourts.gov)**

Honorable Katherine B. Forrest
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 6 2012
```

      Re: *Taymor, et al. v. 8 Legged Productions, LLC, et al.*, No. 11 Civ. 8002 (KBF)

Dear Judge Forrest:

      We represent Plaintiffs Julie Taymor and LOH, Inc. in the above matter. We write jointly on behalf of Plaintiffs and all Defendants to respectfully request an extension of the dates set forth in the Court's February 17, 2012 Scheduling Order (Dkt. No. 36) ("Scheduling Order").

      The current Scheduling Order provides for: (i) close of fact discovery on September 1, 2012; (ii) close of expert discovery on November 1, 2012; (iii) a joint pretrial order to be submitted November 30, 2012; and (iv) a trial date of January 7, 2013. The parties have been working diligently to complete their document productions before the end of August. Document production has taken longer than anticipated by the parties due to technical issues with electronically stored information, the parties' attention to various motions and amendments to pleadings over the last several months in response to the Court's rulings, and the need to obtain documents from numerous third parties via Rule 45 subpoenas. Several depositions have been noticed and subpoenaed and will begin once the document productions are substantially completed.

      For these reasons, the parties agree that the dates set forth in the Scheduling Order should be extended. Specifically, the parties agree that fact and expert discovery should be extended to November 15, 2012 and January 11, 2013, respectively. The parties have not been able to reach agreement, however, regarding the extension of the remaining dates in the Scheduling Order. The parties set forth below their respective scheduling proposals for the period beyond the completion of expert discovery for the Court's consideration.

Plaintiffs' position

      Plaintiffs believe that, to accommodate the proposed discovery extension outlined above, as well as any dispositive motions, the due-date for a joint pretrial order should be extended from

LANKLER SIFFERT & WOHL LLP

Honorable Katherine B. Forrest
August 15, 2012
Page 2

November 30, 2012 to March 8, 2013, and that the trial date should be extended from January 7, 2013 to April 8, 2013. Plaintiffs do not believe that it is necessary to extend the trial date beyond April 2013. As Your Honor indicated at the February 17 Initial Pretrial Conference, it is unlikely that this matter will be resolved through dispositive motions and Plaintiffs believe that under the proposed schedule any dispositive motions can be briefed well in advance of their proposed April trial date. Although Defendants refer to the Southern District of New York Pilot Project Regarding Case Management Techniques for Complex Civil Cases as lending support for their proposal, this case has not been designated a Pilot Project case and Plaintiffs' proposal follows the structure of the current Scheduling Order, which Your Honor previously determined was appropriate for this case. In addition, a further delay in the trial date to July 2013, as Defendants propose, might prejudice Plaintiffs' rights, including their claims to enjoin infringing non-Broadway productions of the Musical and a promotional film for the Musical that they believe infringes Ms. Taymor's copyrights and right of publicity.

Defendants' position

Defendants agree that the discovery schedule should be amended such that fact discovery ends November 15, 2012, and expert discovery ends January 11, 2013. During discussions with Plaintiffs, Defendants also proposed the following due dates for expert reports and dispositive motions: November 29, 2012 for initial expert reports, December 14, 2012 for rebuttal expert reports, February 8, 2013 for opening dispositive motions, March 8, 2013 for answering dispositive motions, and March 22, 2013 for dispositive reply papers. Plaintiffs do not object to these dates. The only sticking point between the parties is whether the Joint Pretrial Order should be filed on March 8, 2013, and whether the Trial should begin on April 8, 2013, as Plaintiffs propose.

Defendants believe that Plaintiffs' proposal is impractical as it would result in the parties preparing the Joint Pretrial Order before any dispositive motions have been fully briefed, let alone decided. Leaving less than two months between the close of expert discovery and the filing of the Joint Pretrial Order would not give the parties adequate time to prepare dispositive motions and the Court to consider them on a schedule that would ensure that they will not become expensive, empty exercises. Moreover, having the Pretrial Order due before the motions are decided would require the parties to spend time and expense drafting the Pretrial Order and motions *in limine* when some or all of the issues may be rendered moot by the Court's summary judgment decision. Preparing the Order after summary judgment is decided, Defendants believe, would avoid unnecessary work and result in a more useful Pretrial Order for both the Court and the parties as it will be targeted to the remaining issues in the case.

As Defendants have communicated to Plaintiffs, the efficacy of a schedule that determines the trial dates after summary judgment motions are decided has been recognized in many Southern District of New York cases which use such a schedule. Moreover, the Southern District of New York's Pilot Project Regarding Case Management Techniques for Complex Civil Cases provides that "[i]n the event summary judgment motions will be filed, the Court should

LANKLER SIFFERT & WOHL LLP

Honorable Katherine B. Forrest
August 15, 2012
Page 3

consider providing the parties with its best estimate of the date by which it expects to render a decision on the motions....The date that the Court selects during the Case management Conference for the filing of the Joint Final Trial Report shall be no earlier than 28 days following the Court's decision on the summary judgment motions. Similarly, the firm trial date set by the Court...shall be no earlier than 8 weeks following the Court's decision on summary judgment motions." § IV(B)(3)(a). While this case is not part of the Pilot Program, this guideline is instructive and, Defendants believe, makes sense here as well as this case is indeed complex. Not only are there multiple parties and multiple claims, counterclaims and defenses at issue, but also Plaintiffs have, to date, issued thirteen third-party subpoenas.

Based on the foregoing reasons, Defendants propose the following schedule:

|  | Current Date | Proposed Date |
| --- | --- | --- |
| Fact Discovery Close | September 1, 2012 | November 15, 2012 |
| Initial Expert Reports Due |  | November 29, 2012 |
| Rebuttal Expert Reports Due |  | December 14, 2012 |
| Expert Discovery Close | November 1, 2012 | January 11, 2013 |
| Dispositive Motions Deadline |  | February 8, 2013 |
| Dispositive Motions Answering Papers Deadline |  | March 8, 2013 |
| Dispositive Reply Papers Deadline |  | March 22, 2013 |
| Joint Pretrial Order* | November 30, 2012 | If a dispositive motion is filed, the pretrial materials deadline will be 60 days from the decision on the motion. |
| Trial* | January 7, 2013 | If a dispositive motion is filed, the trial date will be adjourned to a date four weeks from the submission of the pre-trial materials. |

* If there are no dispositive motions, the pretrial materials deadline will be March 8, 2013 and the trial date will be April 8, 2013.

This schedule is practical as it would permit the Court to take as much or as little time as it chooses in deciding the motions and would let the parties work together to prepare a Pretrial Order and plan for trial after summary judgment has clarified which issues, if any, are left to be tried and how long such a trial might take. Furthermore, Defendants believe that Plaintiffs' contention that not having a "date certain" for the trial would prejudice their rights is unavailing,

LANKLER SIFFERT & WOHL LLP

Honorable Katherine B. Forrest
August 15, 2012
Page 4

given that the parties have already agreed that the schedule needs to be extended, and that Plaintiffs could move at any time for a preliminary injunction should they truly believe they will suffer irreparable injury. Thus, Defendants respectfully request that the Court adopt the schedule Defendants set forth above and order, *inter alia*, that the Pretrial Order and Trial dates not be set until summary judgment motions are decided.

\*   \*   \*

All parties thank Your Honor for your consideration.

Respectfully submitted,

*Charles T. Spada*
Charles T. Spada

Copies by email to:

Dale Cendali, Esq. (dale.cendali@kirkland.com)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022-4611

Joseph T. Moldovan, Esq. (jmoldovan@morrisoncohen.com)
Morrison Cohen LLP
909 Third Avenue
New York, NY  10022

Eleanor M. Lackman, Esq. (elackman@cdas.com)
Cowan DeBaets Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, NY  10010

Jeffrey P. Weingart, Esq. (jpw@msf-law.com)
Meister Seelig & Fein LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY  10017

*[Handwritten:] Request for extension DENIED. This schedule will not work. The parties are to appear at a conference to discuss scheduling on Aug. 30 at 1:30PM.*

*8/16/12*

SO ORDERED:
*Katherine B. Forrest*
HON KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE