Dale M. Cendali
Claudia Ray
Courtney L. Farkas
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
claudia.ray@kirkland.com
courtney.farkas@kirkland.com
joshua.simmons@kirkland.com

*Attorneys for Defendants and Counterclaim-Plaintiffs
8 Legged Productions, LLC; Goodbye Entertainment,
LLC; Savior Productions, LLC; Michael Cohl and
Jeremiah Harris; and Defendant Hello Entertainment, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIE TAYMOR AND LOH, INC., <br><br>  Plaintiffs, <br><br>  - against - <br><br> 8 LEGGED PRODUCTIONS, LLC; HELLO ENTERTAINMENT, LLC; GOODBYE ENTERTAINMENT, LLC; SAVIOR PRODUCTIONS, LLC; MICHAEL COHL; JEREMIAH HARRIS; AND GLEN BERGER, <br><br>  Defendants. | Case No. 11 Civ. 8002 (KBF) <br><br> ECF Case <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF HELLO ENTERTAINMENT, LLC'S MOTION TO DISMISS THE <u>AMENDED COMPLAINT</u>** |

8 LEGGED PRODUCTIONS, LLC; GOODBYE ENTERTAINMENT, LLC; SAVIOR PRODUCTIONS, LLC; AND MICHAEL COHL; JEREMIAH HARRIS,

                Counterclaim-Plaintiffs,

- against -

JULIE TAYMOR AND LOH, INC.,

                Counterclaim-Defendants.

GLEN BERGER,

                Counterclaim-Plaintiff,

- against -

JULIE TAYMOR AND LOH, INC.,

                Counterclaim-Defendant.

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**ARGUMENT**....................................................................................................................................2

    I.    PLAINTIFFS' BREACH OF CONTRACT CLAIM IS INSUFFICIENTLY PLEADED ................................................................................2

    II.    HELLO IS NOT LIABLE FOR SECONDARY COPYRIGHT INFRINGEMENT...........................................................................................................5

        A.    Hello Cannot Be Held Liable for Vicarious Infringement............................5

        B.    Plaintiffs Have Not Alleged Contributory Infringement Against Hello................................................................................................................7

            1.    Hello Did Not Have Knowledge Of The Alleged Infringement..........................................................................................7

            2.    Hello Did Not Materially Contribute To The Alleged Infringement..........................................................................................8

    III.    PLAINTIFFS' DECLARATORY JUDGMENT CLAIM CANNOT SUCCEED ...............................................................................................................10

**CONCLUSION** ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Artists Music, Inc. v. Reed Publ'g (USA), Inc.*,
  No. 93 Civ. 3428, 1994 WL 191643 (S.D.N.Y. May 17, 1994) ............................................... 5

*Banff Ltd. v. Limited, Inc.*,
  869 F. Supp. 1103 (S.D.N.Y. 1994) ................................................................................... 6, 7

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
  536 F.3d 121 (2d Cir. 2008) ................................................................................................. 5

*Demetriades v. Kaufmann*,
  690 F. Supp. 289 (S.D.N.Y. 1988) ................................................................................... 8, 9

*Faulkner v. Nat'l Geographic Soc'y*,
  211 F. Supp. 2d 450 (S.D.N.Y. 2002) .......................................................................... 7, 8, 9

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
  443 F.2d 1159 (2d Cir. 1971) ............................................................................................ 7, 8

*Livnat v. Lavi*,
  No. 96 Civ. 4967, 1998 WL 43221 (S.D.N.Y. Feb. 2, 1998) ........................................... 8, 10

*Matthew Bender & Co., Inc. v. West Publ'g Co.*,
  158 F.3d 693 (2d Cir. 1998) ............................................................................................. 8, 9

*McCall v. Chesapeake Energy Corp.*,
  817 F. Supp. 2d 307 (S.D.N.Y. 2011) ................................................................................... 3

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ............................................................................................................ 10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ......................................................................................................... 5, 7

*Quiroga v. Fall River Music, Inc.*,
  No. 93 Civ. 3914, 1998 WL 851574 (S.D.N.Y. Dec. 7, 1998) ............................................ 10

*R.F.M.A.S., Inc. v. Mimi So*,
  619 F.Supp. 2d 39 (S.D.N.. 2009) .................................................................................... 5, 7

*Schloss Bros. & Co. v. Bennett*,
  260 N.Y.2d 243 (N.Y. 1932) ................................................................................................. 4

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*,
  118 F.3d 955 (2d Cir. 1997) ................................................................................................. 9

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
  464 U.S. 417 (1984) .................................................................................................................. 10

*Sudul v. Computer Outsourcing Serv., Inc.*,
  917 F. Supp. 1033 (S.D.N.Y. 1996) ..................................................................................... 2, 3

*VJK Prod. Inc. v. Friedman/Meyer Prod., Inc.*,
  565 F. Supp. 916 (S.D.N.Y. 1983) ........................................................................................... 4

*Wolk v. Kodak Imaging Network, Inc.*,
  840 F. Supp. 2d 724 (S.D.N.Y. 2012) ............................................................................. passim

Defendant Hello Entertainment, LLC ("Hello") respectfully submits this reply memorandum in support of its motion.[1]

## PRELIMINARY STATEMENT

Having been given an opportunity to replead their claims, Plaintiffs' Amended Complaint still fails to adequately allege claims against Hello for breach of contract, copyright infringement, or a declaratory judgment. First, Plaintiffs cannot maintain any breach of contract claims against Hello because, long before the events at issue took place, Hello transferred all of its rights and obligations under the relevant contracts to 8 Legged. Even if Plaintiffs are correct that a novation was required to release Hello from any contractual obligations, Plaintiffs long ago recognized and agreed to 8 Legged's assumption of Hello's liability. Second, Plaintiffs' copyright infringement claims against Hello also fail because Plaintiffs do not allege that Hello took any specific actions that constituted infringement, which is a fundamental requirement for a secondary liability claim. Finally, because Plaintiffs have not sufficiently alleged that Hello has any control over potential future infringements of Plaintiffs' alleged copyrights or potential future breaches of Plaintiffs' contracts, there is no basis for any declaratory judgment against Hello.

As Plaintiffs' opposition brief ("Pls.' Br.") makes clear, Plaintiffs' allegations reflect their desire to cast a wide net of liability. Because Plaintiffs still have not sufficiently pleaded their claims, however, Hello's motion to dismiss the Amended Complaint should be granted.

---

[1] Capitalized terms not defined herein are defined in Hello's opening brief (Dkt No. 90) ("Hello's Br.").

**ARGUMENT**

I. **PLAINTIFFS' BREACH OF CONTRACT CLAIM IS INSUFFICIENTLY PLEADED**

Hello has no obligations to Plaintiffs under the Author Deal Memo, the Berger Deal Memo (collectively, the "2005 Deal Memos"), or the 2010 Amendment (Am. Compl., Ex. E) beacuse 8 Legged assumed all of Hello's obligations under the 2005 Deal Memos. Plaintiffs offer only the conclusory assertion in the Amended Complaint that Hello was not released and strain in their opposition to overcome the plain language of the 2010 Amendment by arguing that Hello cannot point to a novation. Am. Compl. ¶ 65; Pls.' Br. at 20. This argument fails as a matter of law, however, because the 2010 Amendment, which was duly executed by Plaintiffs, in fact constitutes a novation and thus relieved Hello of any further obligations it may have had to Plaintiffs under the 2005 Deal Memos.

A novation requires: (1) a previously valid obligation; (2) an agreement of all parties to the extinguishment of the old contract; (3) an agreement of the parties to a new obligation; and (4) a valid new contract. *Sudul v. Computer Outsourcing Serv., Inc.*, 917 F. Supp. 1033, 1047 (S.D.N.Y. 1996). Here, all four of the elements are met. First, it is undisputed that the 2005 Deal Memos are previously valid obligations. Am. Compl. ¶¶ 168, 171. Second, Plaintiffs admit that the 2010 Amendment is a "valid and enforceable contract." *Id.* ¶ 168. Third, Plaintiffs also admit that the parties agreed to a new obligation, stating that on or about August 24, 2010, "Taymor, LOH, Berger, Bono, Edge, 8 Legged, and others entered into written agreements to reduce their royalty percentages under the 2005 deal memoranda." *Id.* ¶ 64. The 2010 Amendment expressly recites that 8 Legged was executing the 2010 Amendment as the "successor in interest" to Hello, and thus there was no need for Hello to also sign the 2010 Amendment. Ex. E, at 1.

As for whether there was an agreement by all parties to extinguish the old contract, that agreement is evidenced by both the express terms of the 2010 Amendment and Plaintiffs' own allegations in the Amended Complaint. The 2010 Amendment (i) defines "Hello" as 8 Legged's predecessor in interest, Ex. E, at 1; (ii) acknowledges that 8 Legged signed the 2010 Amendment "as successor in interest to Hello," *id.* at 3; and (iii) was executed and agreed to in all respects by Plaintiffs, without any insistence that Hello also sign that agreement. Am. Compl. ¶ 64. Thus, it was clear that the parties to the 2010 Amendment intended that agreement to relieve Hello of its obligations under the 2005 Deal Memos. That the 2010 Amendment is entitled "Amendment" does not prevent it from constituting a novation. *See Sudul*, 917 F. Supp. at 1047 (because amendment to employment agreement was a novation, plaintiff could not bring breach of contract claim based on original agreement).

Moreover, Plaintiffs' own allegation in the Amended Complaint that 8 Legged, which was *not* a party to the 2005 Deal Memos, is liable for breaches of those agreements, simply confirms that Plaintiffs always intended to substitute 8 Legged for Hello as the contracting party to the 2005 Deal Memos. Am. Compl. ¶¶ 168–75. Otherwise, 8 Legged could not possibly be liable under the 2005 Deal Memos, which predated by approximately five years the formation of 8 Legged itself. Am. Compl. ¶ 6. *See McCall v. Chesapeake Energy Corp.*, 817 F. Supp. 2d 307, 312 (S.D.N.Y. 2011) (granting motion to dismiss where defendants were not parties to agreement).

Plaintiffs claim in their opposition that the provision in the 2010 Amendment that the "Agreements (to the extent they have been executed by the parties hereto) shall remain in full force and effect," Ex. E, at 2, "refers to certain draft long-form agreements that had been negotiated but not yet *executed* by the producers and the Musical's creative team." Pls.' Br. at

23.  This unsupported assertion is contradicted, however, by the express terms of the 2010 Amendment, which provides that the "Agreements" included the 2005 Deal Memos.  Ex. E, at 1.  Furthermore, the "Agreements" could not possibly have remained in effect as to Hello following the execution of the 2010 Agreement for the simple reason that Hello did not execute the 2010 Amendment, and thus could not have been one of "the parties hereto" as to whom the "Agreements" still applied.

Equally unavailing is Plaintiffs' belated argument that Hello's signature on the 2010 Amendment was required in order to constitute a novation that would release Hello of its prior contractual obligations.  Pls.' Br. at 22.  In fact, under New York law the express consent of the original obligor to the assumption of its obligation by a third party is not essential to a novation, and such consent may be implied.  *Schloss Bros. & Co. v. Bennett*, 260 N.Y.2d 243, 248 (N.Y. 1932); *see also VJK Prod. Inc. v. Friedman/Meyer Prod., Inc.*, 565 F. Supp. 916, 921 (S.D.N.Y. 1983).  Here, Hello's consent to 8 Legged's assumptions of its obligations to Plaintiffs is both express *and* implied.  As the Amended Complaint itself states, in August 2010, "by written agreement between Hello and Goodbye Entertainment and its operating agreement [sic], 8 Legged assumed rights and obligations relating to *Spider-Man*."  Am. Compl. ¶ 6.  Furthermore, 8 Legged's Operating Agreement states that 8 Legged assumed all of Hello's obligations under Musical-related agreements, "including but not limited to…the Author's Agreement…."  Weingart Decl., Ex. C, § 5.6.  Hello's intention, and 8 Legged's agreement, to extinguish Hello's obligations under the 2005 Deal Memos is also evidenced by 8 Legged's execution of the 2010 Amendment "as successor in interest to Hello…."  Ex. E, at 1, 3.  Plaintiffs would have the Court simply ignore the reference to 8 Legged as the "successor in interest" to Hello, but the 2010 Amendment makes clear that Hello's obligations actually were extinguished.  *Id.*  Accordingly,

Hello owes Plaintiffs no contractual duties and Plaintiffs' breach of contract claim fails as to Hello.

## II.   HELLO IS NOT LIABLE FOR SECONDARY COPYRIGHT INFRINGEMENT

Plaintiffs attempt to paint Hello as intimately involved in the decisions that allegedly contributed to and caused the other defendants' supposed copyright infringement.[2] Plaintiffs' arguments are unavailing, however, because Plaintiffs still have not alleged, under either a vicarious or contributory infringement theory, any specific conduct on the part of Hello that would constitute infringement.

### A.   Hello Cannot Be Held Liable for Vicarious Infringement

Vicarious infringement requires that a defendant "profit from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  Thus, Hello must have had (1) "a direct financial interest" in the infringing activity and (2) "the right and ability to supervise" such activity. *Wolk*, 840 F. Supp. 2d at 751 (internal citations omitted).  Plaintiffs have failed to plead these elements.

That Hello has a financial stake in the Musical does not establish the first element, as there must be some correlation between Hello's financial benefit and the infringement itself. *See Artists Music, Inc. v. Reed Publ'g (USA), Inc.*, No. 93 Civ. 3428, 1994 WL 191643, at *6 (S.D.N.Y. May 17, 1994) (no direct financial benefit where defendant's profits were not based on music being played).  Plaintiffs have not alleged, as they must, that Hello's profits depend on

---

[2] Plaintiffs implicitly admit that they are not seeking to hold Hello liable for *direct* copyright infringement. *See* Pls.' Br. at 7–14.  Nor can they, as Plaintiffs have not alleged that Hello copied, distributed, publicly performed, or created a derivative work based on their works. *See Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (defendant's conduct was insufficiently proximate to unauthorized copying); *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012) (no evidence of volitional conduct by defendants).  Indeed, Plaintiffs' only allegations of directly infringing activity by Hello are based on its contractual relationship with 8 Legged. *See* Pls.' Br. at 3–4, 7.  As Plaintiffs' own case makes clear, however, Hello cannot be directly liable under such circumstances. *See R.F.M.A.S*, 619 F. Supp. 2d 39, 67 (S.D.N.Y. 2009) (plaintiff failed to prove that defendants had taken "any actions that violated any of [Plaintiff's] exclusive rights").

the use of an *infringing* work.  Rather, Plaintiffs offer only the conclusory allegation that Hello derived profits "from the Musical and from the use therein of Taymor's copyrighted works." Am. Compl. ¶ 88.  This is insufficient, however, to show the requisite proximity between profits and infringement, as there is no indication that Hello's profits depended on the use of Taymor's work.

Even assuming that Plaintiffs sufficiently pleaded Hello's "direct financial interest," which they have not, Plaintiffs' allegations fail to establish the second element: "the right and ability to supervise the infringing activity."  In seeking to establish Hello's supervisory authority, Plaintiffs would have this Court lump Hello together with the other corporate defendants and assume that their activities and rights are those of Hello as well.  This argument is contradicted, however, by the allegations in the Amended Complaint and the relevant agreements, which make clear that Hello is a separate entity with distinct activities and powers.  *See, e.g.*, Am. Compl. ¶¶ 6–7, 18, 60, 63, 66, 89.  *See Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1110 (S.D.N.Y. 1994) (no vicarious liability as defendant's financial stake in subsidiary "does not mean [defendant] has a continuing connection with the activities and people involved in the alleged infringement").

Similarly, the Amended Complaint's allegations that Hello approved changes to the Old Book are at best merely conclusory, and are contradicted by the relevant contractual agreements, which make clear that Hello had no control over the day-to-day operations of the Musical.  *See* Weingart Decl. (Dkt. No. 92) Ex. B, Whereas clause R; Am. Compl. ¶¶ 7–8, 79, 89–90.

Plaintiffs' argument also is contrary to the law in this Circuit, as courts in this Circuit have found that distinct legal entities with no control over day-to-day operations are not liable for copyright infringement.  *See, e.g.*, *Wolk*, 840 F. Supp. 2d at 751 (no liability absent evidence that defendant had any "right and ability to supervise" allegedly infringing activity by distinct

legal entities); *Banff Ltd.*, 869 F. Supp. at 1110 (parent company was not vicariously liable where subsidiary was responsible for day-to-day decisions and decided which sweaters to purchase and sell).

Even if Plaintiffs had sufficiently alleged Hello's supervisory involvement, their claims would still fail as to Hello because Plaintiffs have not alleged a sufficient proximity between Hello's involvement and the allegedly infringing activities. *See Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 472 (S.D.N.Y. 2002) (no vicarious liability where Kodak was party to co-sponsorship agreement and there was no evidence that it exercised control). *R.F.M.A.S., Inc. v. Mimi So*, on which Plaintiffs primarily rely, is easily distinguishable. In *R.F.M.A.S.*, "RHI was given the power to appoint two of the five Directors on MSI's board" and "RHI admittedly had a 40% interest in MSI." 619 F. Supp. 2d at 71. More importantly, however, the evidence showed that RHI usually supervised the development of the allegedly infringing brands manufactured by MSI. *Id.* at 72. Here, by contrast, Plaintiffs have not alleged that Hello actually supervised the development of the New Book.

> **B. Plaintiffs Have Not Alleged Contributory Infringement Against Hello**

"[T]he standard for contributory infringement has two prongs—the 'knowledge' prong and the 'material contribution' prong." *Faulkner*, 211 F. Supp. 2d at 473. To properly plead contributory infringement, Plaintiffs must allege that Hello (1) had knowledge of the infringing activity and (2) intentionally induced or encouraged it. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Because Plaintiffs still have not properly alleged either element, Hello cannot be considered a contributory infringer.

> 1. <u>Hello Did Not Have Knowledge Of The Alleged Infringement</u>

The "knowledge" prong is satisfied if the alleged infringer is shown to know or to have

- 7 -

had reason to know of the infringement. *See Gershwin*, 443 F.2d at 1162. "Knowledge" means "actual or constructive knowledge of specific and identifiable infringements of individual items," not "a general awareness that there are infringements." *Wolk*, 840 F. Supp. 2d at 751. "[O]ne who furnishes a copyrighted work to another but is innocent of any knowledge of the other party's intended illegitimate use will not be liable." *Id.* at 750 (quoting *Livnat v. Lavi*, No. 96 Civ. 4967, 1998 WL 43221, at *3 (S.D.N.Y. Feb. 2, 1998)).

While Plaintiffs allege that Hello supposedly had knowledge related to events such as Taymor's termination, fundraising activities on behalf of the Musical, the shutting down of the show, and the hiring of Roberto Aguirre-Sacasa to work on the New Book, none of these things constitute infringing acts, and thus even if Hello had the knowledge that Plaintiffs allege, it would not satisfy the knowledge element. *See Faulkner*, 211 F. Supp. 2d at 474 (plaintiffs failed to satisfy knowledge element where defendant had knowledge of the allegedly infringing activity because "[p]laintiffs' argument merely beg[ged] the question to be answered by the lawsuit"); *Demetriades v. Kaufmann*, 690 F. Supp. 289, 294 (S.D.N.Y. 1988) (knowledge that construction of home would copy plaintiff's plans did not establish contributory infringement claim). Crucially, Plaintiffs still have not alleged that Hello had knowledge that an infringing work was being developed. Indeed, Plaintiffs admit that Hello had no oversight of the day-to-day affairs of the Musical. *See* Am. Compl. ¶¶ 7–8. Thus, the knowledge prong has not been met.

### 2. Hello Did Not Materially Contribute To The Alleged Infringement

"Two types of activities that lead to contributory liability are: (i) personal conduct that encourages or assists the infringement; and (ii) provision of machinery or goods that facilitate the infringement." *Matthew Bender & Co., Inc. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998). Here, Plaintiffs have failed to allege how Hello's actions fall into either category. In addition, for a contributory infringement claim to survive, Hello's participation must have been

"substantial," which Plaintiffs still have failed to plead.  *Wolk*, 840 F. Supp. 2d at 750 (quoting *Demetriades*, 690 F. Supp. at 294); *Faulkner*, 211 F. Supp. 2d at 473 ("[T]he alleged contributory infringer must have made more than a mere quantitative contribution to the primary infringement: in other words, the participation or contribution must be substantial . . . ." (internal quotation marks and citations omitted)).

Plaintiffs allege absolutely no "*personal* conduct" on the part of Hello that would show that Hello "encourage[d] or assist[ed] the infringement," as required.  *Faulkner*, 211 F. Supp. 2d at 473 ("The authorization or assistance must bear a *direct* relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.") (internal quotation marks and citations omitted) (emphasis added); *see also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (president of company could not be held liable where plaintiff failed to show that he "authorized the [infringing] use" (internal quotation marks and citation omitted)).  Although Plaintiffs discuss the shutting down of the Musical and the raising of additional funds to support it, they say nothing at all about Hello's supposed role in the development of the New Book, which is the supposed infringement.  Pls.' Br. at 12.

As for Plaintiffs' suggestion that Hello's contribution of the rights to present a Spider-Man musical qualifies as the "provision of machinery or goods that facilitate the infringement," this argument is nonsensical given that it was Hello's provision of those rights that facilitated the creation of the Old Book in the first place.  If that transfer of rights makes Hello liable for contributory infringement, then even the most elementary and tangential involvement in any creative project could lead to such liability—which is not the case.  *See Matthew Bender & Co., Inc.*, 158 F.3d at 706 ("[T]he provision of equipment does not amount to contributory

infringement if the equipment is 'capable of substantial noninfringing uses,' including uses authorized under the fair use doctrine . . . ." (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984))).

All of Plaintiffs' arguments regarding Hello's alleged contributory infringement boil down to—at most—an argument that Hello provided the means or opportunity for *others* to infringe Plaintiffs' works. But even if this were true, it is insufficient to support a claim of contributory infringement. *See Wolk*, 840 F. Supp.2d at 750 ("that a defendant 'merely provid[ed] the means to accomplish an infringing activity is insufficient to establish a claim for contributory infringement.'" (quoting *Livnat*, 1998 WL 43221, at *3)); *Quiroga v. Fall River Music, Inc.*, No. 93 Civ. 3914, 1998 WL 851574, at *37 (S.D.N.Y. Dec. 7, 1998) ("A mere allegation that the defendant provided the third party with the opportunity to engage in wrongful conduct would not even be enough to survive a motion to dismiss.").

### III. PLAINTIFFS' DECLARATORY JUDGMENT CLAIM CANNOT SUCCEED

Plaintiffs cannot sustain their declaratory judgment claim against Hello because, as explained above, Hello assigned all of its rights regarding the Musical to 8 Legged. *See supra* at 2–4. As a result, Hello has no contractual or legal right to make decisions regarding the licensing of the Musical in an off-Broadway venue, and there consequently is no actual, present, and justiciable controversy between Plaintiffs and Hello concerning the Author Deal Memo, as required. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (dispute must be "definite and concrete," "real and substantial"). Accordingly, Plaintiffs have no legal basis for seeking declaratory relief against Hello, and the Fourth Claim should be dismissed as to Hello.

### CONCLUSION

For the reasons above, Hello's motion to dismiss should be granted.

Dated:  New York, New York
        August 20, 2012                     */s/ Dale M. Cendali*
                                            Dale M. Cendali
                                            Claudia Ray
                                            Courtney L. Farkas
                                            Joshua L. Simmons
                                            KIRKLAND & ELLIS LLP
                                            601 Lexington Avenue
                                            New York, New York 10022
                                            Telephone: (212) 446-4800
                                            dale.cendali@kirkland.com
                                            claudia.ray@kirkland.com
                                            courtney.farkas@kirkland.com
                                            joshua.simmons@kirkland.com

                                            Attorneys for Defendants
                                            8 LEGGED PRODUCTIONS, LLC;
                                            HELLO ENTERTAINMENT, LLC;
                                            GOODBYE ENTERTAINMENT, LLC;
                                            SAVIOR PRODUCTIONS, LLC; MICHAEL
                                            COHL AND JEREMIAH HARRIS